**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SHERI M. TAYLOR, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-05-2399 |
| | § | |
| UNITED STATES | § | |
| BUREAU OF PRISONS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Sheri M. Taylor, a federal prisoner, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the administration of her sentence. She has also filed a memorandum in support of her petition. (Docket Entry No. 2). The threshold issue is whether she has alleged a violation of a federally-protected right.

**I.     Background**

Taylor was convicted in the United States District Court for the Southern District of Mississippi of bank fraud. On August 4, 2004, the district court sentenced Taylor to serve twelve months and one day in federal prison. Taylor does not challenge her underlying conviction or sentence. Instead, she challenges respondent's method of computing good time credits under 18 U.S.C. § 3624(b).

**II.     Analysis**

A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is properly used to challenge the manner in which a sentence is executed. *See Reyes-Requena v. United States*,

243 F.3d 893, 900-01 (5th Cir. 2001). A section 2241 petition that attacks the manner in which a sentence is carried out or a determination affecting its duration "must be filed in the same district where the prisoner is incarcerated." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Because the petitioner is in custody at the Federal Prison Camp in Bryan, Texas, this court has jurisdiction over her petition.

The issue raised in Taylor's petition is whether the United States Bureau of Prisons (the "BOP") is required to calculate the amount of good-time credit earned based on the term of imprisonment imposed or based on the term of imprisonment actually served. Good-time credit calculations for prisoners incarcerated in the BOP are governed by 18 U.S.C. § 3624(b), which reads as follows:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate. In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. Credit that has not been earned may not later be granted. Subject to paragraph (2), credit for the last year or portion of a year of the term of

>imprisonment shall be prorated and credited within the last six weeks of the sentence.

*Id.*

Under the Bureau of Prisons regulations, good-time credits are calculated based on the amount of time actually served. Taylor argues that the statute requires that a prisoner be awarded "54 days" of credit for each year of the prison term imposed by the court. She would be entitled to fifty-four days of good time credit if the calculation was based on each year of her "term of imprisonment" as imposed by the sentencing judge. By contrast, if calculated under the BOP's regulation, she will receive only forty-seven days of good time credit. The difference will result in her receiving seven fewer days of good-time credit over the course of her prison term.

The United States Court of Appeals for the Fifth Circuit has not yet determined whether 18 U.S.C. § 3624(b) creates a constitutionally protected interest in good-time credits. Assuming that it does, and assuming further that the claim is ripe for review, it is nonetheless foreclosed by a recent published opinion from the Fifth Circuit. In *Sample v. Morrison*, — F.3d —, 2005 WL 775816 (5th Cir. March 22, 2005), the Fifth Circuit rejected the identical argument that Taylor advances and held that good-time credit is properly awarded under section 3624(b) based on the term of imprisonment actually served. The court stated:

>It is plain from the statute that an inmate must *earn* good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules. Good time credit is thus not awarded in advance, and any entitlement to such credit for future years is speculative at best. The statute also plainly states

> that a prisoner cannot earn any good time credit until he has served at least one year of his prison term. At that time, and thereafter "at the end of each year" of the inmate's prison term, he "may" be awarded "up to 54 days" of good time credit. The plain effect of such annual awards is to reduce an inmate's prison term incrementally while he is serving it. For instance, if Sample were to receive annual awards of 54 days of credit until 2012, his sentence by that time would be several hundred days shorter than the 168-month term imposed by the court. The statute, however, contains no language that would permit him to receive additional good time credit based on the original prison term "as imposed" by the court, and it provides no method for computing such credit.

*Id*. at *2. The Fifth Circuit further held that, even if the statute could be construed as ambiguous, the BOP's interpretation was reasonable and entitled to deference. *Id*., *Chevron U.S.A, Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984). In so holding, the Fifth Circuit agreed with other circuit courts of appeal interpreting the same statute. *See id*. (citing *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1270-71 (9th Cir. 2003)); *see also*, *O'Donald v. Johns*, 402 F.3d 172 (3rd Cir. 2005) (upholding the BOP's policy of calculating good time credits based on time served); *Perez-Olivo v. Chavez*, 394 F.3d 45 (1st Cir. 2005) (reaching the same conclusion). Although Taylor argues that this court should adopt the contrary result reached in *Moreland v. Bureau of Prisons*, No. H-04-3658 (S.D. Tex.), this court is bound by Fifth Circuit precedent.

**III.     Conclusion**

Taylor's petition for habeas corpus relief is **DENIED** and this case is **DISMISSED** with prejudice. All remaining pending motions are DENIED as moot.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner must obtain a certificate of appealability before he can appeal the district court's decision. 28 U.S.C. § 2253(c)(1). This court will grant a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the district court has denied a claim on procedural grounds, however, the petitioner must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. As the Supreme Court made clear in its recent decision in *Miller-El v. Cockrell*, 537 U.S. 322 (2003), a COA is "a jurisdictional prerequisite," and "until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners." When considering a request for a COA, "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id*. at 1042. Because Taylor has not made the necessary showing, this court will not issue a COA.

SIGNED on July 27, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge